Five of these interrogatories seek to have the defendant, answer as to what person, firm or corporation constructed the telegraph line, maintained and operated the same, and who maintained and operated at the time of the filing of the petition, who cut the shade trees in front of the plaintiff’s premises *613 and what person, firm or corporation is now the owner of the telephone line mentioned in the petition.
As to these particular interrogatories the main contention of the defendant in support of this demurrer is that they are what are sometimes termed “fishing questions”; that they attempt to go into the defendant’s case, and especially that a plaintiff can not use discovery as a means to ascertain the existence of his own cause of action, and especially as to whether or not he has sued the proper defendant.
The common law right of an action exclusively for discovery has long since been enacted in the code, as found at Section 5293, which provides as follows:
“When a person claiming to have a cause of action, 'or a defense to an action commenced against him, is unable without a discovery of fact from the adverse party, to file his petition or answer, such person may bring his action for diácovery, setting forth in his petition the necessity for such discovery, and the grounds thereof, and such interrogatories relating the subject-matter of the discovery as may be necessary to procure the discovery sought, which, if not demurred to, shall be fully and directly answered under oath by the defendant; and upon the final disposition of the action, the costs thereof shall be taxed in such manner as the court deems equitable.”
Subsequently thereto it has been provided in the code by Section 5099 that a party may annex intorrogatories pertinent to the issue. It has been held in the case of Chapman v. Lee, 45 O. S., 356, that so far as the practice is concerned the old action of discovery is practically obsolete in this state and is no longer necessary. It will be noted, that by the section referred to a person might file a separate petition whose sole object would be to discover such facts as would enable him thereafter to- file a petition; or in the case of a defendant he might file a separate action to discover such facts as would enable it to properly answer. The more convenient form of interrogatories therefore having been adopted, the pertinency of the interrogatories now in question must be determined, largely by the equitable rules of practice under the old action of discovery.
*614 There have not been many decisions upon the question as to how far the courts will permit a plaintiff to use interrogatories. In the case of Templeton v. Morgan, 4 W. L. M., 146, Judge Okey, then on the common pleas bench, in the year 1862, holds that:
“The right to exhibit interrogatories is not confined to eases where under the practice in chancery a discovery could be compelled, but extends to all cases where one party would have the right to use the depositions of the adverse party.”
And the same eminent authority in the case of Devore v. Densmore et al, 4 W. L. M., 144, holds that interrogatories should be limited to matters which grow out of or are charged in the petition, and that matters not pertinent to the issues presented by the petition should be excluded.
It is manifest that all interrogatories having for their object a discovery may loosely be called “fishing,” and, therefore, it is no objection to an interrogatory that they require from the defendant information which may be detrimental to the defendant. The real requirement is that the interrogatory itself be pertinent. In other words, where the information sought by the interrogatory will be material or relevant to the relief sought by the petition, a demurrer to the same should be overruled.
Nor would a defendant be compelled to answer impertinent, oppressive or vexatious questions, or for purposes which would be prejudicial for the defendant irrespective of the suit. Courts will look closely into all such questions as to whether or not there is a reasonable prospect of the matters sought to be discovered being of material service to the plaintiff on the hearing. It has been held that the. best test is that if the defendant should answer in the affirmative and the admission would be of any use to the plaintiff in the cause, the interrogatory is material; otherwise not. 6th Ency. of Pleading and Practice, 741.
And.while it is true that as a general rule a plaintiff is entitled only to a discovery of what pertains or is necessary to his own case, the fact that the answer to the interrogatory may at the same time expose to a certain extent the defendant’s case, is no reason for departing from the rule above announced.
*615 Coming now to the case at bar, I can conceive that where an individual is charged with a tort, and an interrogatory be annexed to the petition, requiring him to answer as to who committed the tort, it would be perhaps sufficient, in many instances at least, that the defendant should simply deny that he himself committed it, and hot be required to inform the plaintiff as to any evidence which he might have as to who had actually committed it; and this would be the rule for the reason that it is more within the province of and the ability of the plaintiff to know, than the defendant.
But in the case at bar we are dealing with a corporation, and the courts will not be unmindful of the fact that with reference to the construction and maintenance of public corporations, such as the one at bar, there is often great confusion as to title. Original construction is sometimes made by a construction company, the corporation will have passed through several legal ownerships, there will be holding companies, there will be companies within a company, as it were, all of which things are peculiarly within the knowledge of the defendant, and it might work great hardship upon an individual plaintiff having no access or means of access to the books of a corporation to learn the exact legal status of the present owner of the telegraph line. Whatever abuse may have grown up under the common law practice with reference to pleadings, it certainly now is well settled that under the code the law does not favor nor encourage technical pitfalls or legal ambuscades. If the defendant sued in this case may not now, as a matter of fact, be the legal owner of this telephone and telegraph line, it does not conduce to justice for that fact to be kept silent until all the expense and delay of a trial has been reached, and then for the first time disclose that defense and non-suit the plaintiff. On the other hand, if such be the fact, it can do the defendant no harm at all to disclose that fact now, and since it is a matter that it would be compelled to answer upon being called as a witness in the case, no possible injustice can occur by compelling it to answer now. The demurrer as to the first, second, third, fourth and eleventh interrogatories is, therefore, overruled.
F. C. Rector, for plaintiff. G. G. Williams, for defendant.
The next series of interrogatories inquire 'of the defendant whether or not the plaintiff has ever given it any permission to locate its line on the real estate above named, and if so, whether or not it is in writing. This information, it seems to me, is within the plaintiff’s knowledge as well as the defednant’s, and, moreover, full relief can easily be granted plaintiff by Section 5292, and I see, therefore, no reason for these interrogatories.
Another series of interrogatories attached to the petition inquires whether or not the defendant claims the right to trim the shade trees along in front of the plaintiff’s real estate, and, if so, what is the basis of its claim of right, and whether or not it intends to continue said acts in the future. For the reasons stated in the foregoing opinion I do not believe these questions are pertinent to the issue in this case. The demurrers to all the other interrogatories, except the five mentioned, will be sustained.
Leave will be granted the defendant to answer the five interrogatories above named within ten days.